IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE W. KING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v | ) Civil Action No. 2:09cv512-ID |
| | ) (WO) |
| J.A. KELLER, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Joe W. King ("King"), an inmate at Maxwell Federal Prison Camp in Montgomery, filed this petition for writ of habeas corpus pursuant to U.S.C. § 2241 challenging his federal convictions in Minnesota for two counts of conspiracy to commit money laundering. *See* 18 U.S.C. § 1956(h) and 18 U.S.C. § 371.

### I.   BACKGROUND[1]

In 1999 King was convicted in the United States District Court for the District of Minnesota for two counts of conspiracy to commit money laundering, mail fraud, wire fraud, and money laundering, based on his participation in a cash rental "ponzi scheme" and a related treasury bill leasing program. In August 2000, the trial court sentenced King to 210 months in prison. King appealed to the United States Court of Appeals for the Eighth

---

[1] The factual background is gleaned from King's § 2241 petition; his supporting brief and exhibits; the respondent's answer; and the opinions in *United States v. King*, 280 F.3d 886 (8th Cir. 2002); and *United States v. King*, No. Civ. 03-5016 (DWF), 2004 WL 1453526 (D.Minn June 23, 2004) (unpublished).

Circuit, which affirmed his convictions and sentence in October 2002. *See United States v. King*, 280 F.3d 886 (8th Cir. 2002). King then challenged the convictions and sentence by filing a 28 U.S.C. § 2255 motion in the convicting district court. In June 2004, the district court denied the § 2255 motion, deciding all claims adversely to King. *See United States v. King*, No. Civ. 03-5016 (DWF), 2004 WL 1453526 (D.Minn Jun. 23, 2004) (unpublished).

On May 28, 2009 (Doc. No. 1), King filed the instant petition for writ of habeas corpus challenging his convictions for conspiracy to commit money laundering[2] and contending that he is entitled to relief under 28 U.S.C. § 2241 based on the "savings clause" of 28 U.S.C. § 2255. For the reasons that now follow, the court concludes that King is not entitled to any relief based on the claims in his petition.

## II. DISCUSSION

In challenging his convictions for conspiracy to commit money laundering, King asserts that he was convicted of what are now nonexistent offenses in light of the Supreme Court's decision in *United States v. Santos*, ___ U.S. ___, 128 S.Ct. 2020 (2008). In *Santos*, the Supreme Court held that the gross receipts of an illegal gambling operation are not "proceeds" under the money laundering statute, 18 U.S.C. § 1956, and affirmed the Seventh Circuit's vacatur of a money laundering conviction because the prosecution failed to show that the gambling operation was conducted with "profits" (as opposed to "receipts").[3] *See*

---

[2]King does not appear to challenge his other convictions for related offenses.

[3]The money laundering statute states, in pertinent part:

(continued...)

*Santos*, 128 S.Ct. at 2022-45.

By his petition, King does not challenge the manner in which his federal sentence is being executed; rather, he attempts to attack the legality of his convictions for conspiracy to commit money laundering. It is well settled that a petition filed under 28 U.S.C. § 2241 that challenges the validity of a conviction or sentence is properly construed as a 28 U.S.C. § 2255 motion. *See Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999). Section § 2255(e) expressly forbids federal courts from entertaining an application for writ of habeas corpus in behalf of a prisoner who could seek relief from the court that imposed the sentence through a § 2255 motion. Therefore, this court cannot grant the relief sought by King unless a "savings clause" exception applies.

A "savings clause" exception permits a federal prisoner to use a § 2241 petition for writ of habeas corpus as a vehicle for collaterally attacking a conviction when the remedy by a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To trigger application of § 2255's savings clause to a claim for relief, a

---

$^{3}$(...continued)
Whoever, knowing that the property involved in a financial transaction represents the *proceeds of some form of unlawful activity*, conducts or attempts to conduct such a financial transaction which in fact involves the *proceeds of specified unlawful activity*- (A)(I) with the intent to promote the carrying on of specified unlawful activity ... shall be sentenced to a fine ... or imprisonment.... [A] financial transaction shall be considered to be one involving the *proceeds of specified unlawful activity* if it is part of a set of parallel or dependent transactions, any one of which involves the *proceeds of specified unlawful activity*, and all of which are part of a single plan or arrangement.

18 U.S.C. § 1956(a)(1)(A)(I) (emphasis added).

§ 2241 petitioner must establish *all three* of the following: (1) that the claim is based upon a retroactively applicable Supreme Court decision; (2) that the holding of the Supreme Court decision establishes that the petitioner was convicted for a nonexistent offense; and (3) that circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Wofford*, 177 F.3d at 1244.

King fails to satisfy each of the prerequisites necessary to invoke application of § 2255's savings clause. As a consequence, he is precluded from obtaining relief through a § 2241 petition. First, *no* Justice of the Supreme Court – in *Santos* or in any subsequent Supreme Court decision – has declared *Santos* to have retroactive effect. Therefore, King has not presented a claim based upon a retroactively applicable Supreme Court decision. Next, the limited holding of *Santos* does not establish that King's convictions for conspiracy to commit money laundering constitute convictions for what are now nonexistent offenses. As the Eleventh Circuit has recently stated in a money laundering case involving the proceeds of an enterprise engaged in illegal drug trafficking,

> *Santos* has limited precedential value. ... The narrow holding in *Santos*, at most, was that the gross receipts of an unlicensed gambling operation were not "proceeds" under [18 U.S.C.] section 1956, but there is no evidence that the funds Demarest laundered were gross receipts of an illegal gambling operation.

*United States v. Demarest*, No. 08-12296, 2009 WL 1606937 (11th Cir. Jun. 10, 2009). The materials before this court reveal that the criminal activity underlying King's convictions involved an investment scheme. Because King's convictions were related to criminal activity other than illegal gambling, "the narrow holding of *Santos* does nothing to change the state

4

of the law as it relates to King's criminal activity and conviction."[4] *See Respondent's Answer* (Doc. No. 12) at p. 4. Lastly, at the time of King's conviction, circuit law did not squarely foreclose the argument that "proceeds," within the meaning of 18 U.S.C. § 1956, contemplate profits as opposed to receipts. *See United States v. Maalim*, 358 Supp. 2d 1154, 1158 (M.D. Fla. 2005) (discussion of relevant case law among circuits). Therefore, King was not foreclosed from raising the argument underlying his instant claim in the trial court, on appeal, or in his § 2255 motion.

Because King has not met the three prerequisites for application of § 2255's savings clause, he may not obtain relief through a § 2241 petition. Consequently, this court concludes that King's claim challenging the validity of his convictions for conspiracy to commit money laundering entered against him by the United States District Court for the District of Minnesota is not cognizable in a § 2241 petition.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by King be denied and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or**

---

[4] King has also asked this court to hold his § 2241 petition in abeyance pending a ruling by the Ninth Circuit Court of Appeals in *United States v. Moreland*, which, at 129 S.Ct. 997 (2009), was remanded by the Supreme Court to the court of appeals for consideration in light of the *Santos* decision. However, nothing the Ninth Circuit may do on remand in *Moreland* will have the effect of rendering *Santos* retroactive *as determined by the Supreme Court*. Thus, no purpose would be served by staying the proceedings on King's § 2241 petition and his request for a stay (Doc. No. 15) is denied.

**before August 25, 2009** .  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

     Done this 12th day of August, 2009.

                                       /s/Charles S. Coody
                                     CHARLES S. COODY
                                     UNITED STATES MAGISTRATE JUDGE